ACCEPTED
04-14-00304-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/22/2015 2:46:38 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00304-CV

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS
DISTRICT OF TEXAS
SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
01/22/2015 2:46:38 PM
KEITH E. HOTTLE
Clerk

JAY MARC HARRIS,

**Appellant**

**v.**

FIESTA TEXAS, INC., D/B/A SIX FLAGS-FIESTA TEXAS
AND SIX FLAGS ENTERTAINMENT CORPORATION,

**Appellees**

ON APPEAL FROM THE

288TH JUDICIAL DISTRICT COURT, BEXAR COUNTY, TEXAS
TRIAL COURT NO. 2011-CI-08096
HONORABLE RICHARD PRICE, JUDGE PRESIDING

**APPELLANT'S
MOTION FOR REHEARING**

**TO THE HONORABLE COURT OF APPEALS FOR THE
FOURTH COURT OF APPEALS, TEXAS**

NOW COMES, the Appellant, **JAY MARC HARRIS** in the above number and titled cause and makes this Motion for Rehearing on the Judgment of the Court rendered on January 7, 2015 and shows:

Page 1 of 7

# I.

## POINT OF ERROR NUMBER ONE

The Court of Appeals erred in affirming the Trial Court's Judgment based upon the Court's finding that the Appellant failed to file his case prior to the expiration of the applicable statute of limitations.

## II.
## ARGUMENT AND AUTHORITIES
## POINT OF ERROR NUMBER ONE

When evaluating a Motion for Summary Judgment the Trial Court must assume all of non-movant's proof is true. *Limestone Products Distribution v. McNamara, 71 S.W.3d 308, 311 (Tex.2002)*. Every reasonable inference should be made in favor of the non-movant. *Provident Life and Accident, Inc. v. Knott, 128 S.W.3d, 211, 215 (Tex.2003)*. All doubts about the existence of a genuine issue of material fact are to be resolved against the movant. *Johnson County Sheriff Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex.1996)*.

The Court's opinion states that HARRIS' lifetime ban constituted a discrete act that occurred almost five years before HARRIS filed the underlying lawsuit. Appellant would show that Appellee, SIX FLAGS operates its Season Pass Program on a yearly basis. *(CRV2 305-312)*. As such, each year when Appellant is prevented from purchasing a Season Pass constitutes a new discrete act which results in a lifetime ban.

Appellant would also point out that the original criminal trespass warning which was issued to him on June 19, 2006, applied only to the Six Flags Park in San Antonio, Texas. *(CRV2 304) (See attached Exhibit "A")*. HARRIS would argue that he was never given a lifetime ban from the other Six Flags Parks. The criminal trespass warning cited only Fiesta Texas.

Additionally, it is worth noting that during conversations had between Six Flags representatives and Rabbis Krajansky and Lew it was represented to them that the ban could be lifted with certain restrictions. Ultimately, the discussions did not result in the ban being lifted as the Rabbis believed that Six Flags representatives were not serious concerning lifting the ban. *(CRV2 330-332).*

"Under the continuing violation doctrine, the Plaintiff is relieved of establishing that all of the alleged discriminatory conduct occurred within the actionable period if the Plaintiff can show a series of related acts, one or more of which falls within the limitation period. The goal of the continuing violation doctrine is to accommodate Plaintiffs who can show that there has been a pattern or policy of discrimination continuing from outside the limitation period into the statutory period, so that all of the discriminatory acts committed as part of this pattern or policy can be considered timely." *Hunicke v. Seafarers Int'l Union, No. 14-12-00199-CV, 2013 WL 2444634, at \*7 (Tex.App.–Houston [14th Dist.] June 4, 2013, pet. denied) (internal citation omitted) (mem. op.).* Appellant would show that each year he is denied a Season Pass constitutes a new act of discrimination resulting in a pattern or policy of discrimination against him. As such, all of the discriminated acts committed are a part of a pattern or policy which results in discrimination against the Appellant.

Summary Judgment is appropriate only when there is no genuine issue as to material fact. The issue of whether or not each year constitutes a separate and discrete act constitutes a genuine issue which should be determined by a trier of fact. In analyzing whether or not summary judgment is proper all competent evidence favorable to the movant should be taken as true and each reasonable inference should be resolved in the non-movant's favor.

*Provident Life and Accident, Inc. v. Knott, 128 S.W.3d, 211, 215 (Tex.2003); Provident Life and Accident, Inc. v. Knott, 128 S.W.3d, 211, 215 (Tex.2003); Johnson County Sheriff Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex.1996).*

Appellant would show that each year he is denied the ability to purchase a Season Pass constitutes a continuing violation and that his case should not be dismissed for the alleged failure to file within the applicable statute of limitations period. The continuing violation doctrine expands the scope of discriminatory events as long as one of the events occurs within the applicable time period. *See Walmart Stores v. Davis, 979 SW2d 30, 41 (Tex. App.-Austin 1998, pet. denied).* Texas Courts apply the doctrine where there is "an organized scheme leading to and including a present violation, so that it is the accumulative affect of the discriminatory practice, rather than any discrete occurrence, that gives rise for the cause of action." *Copper-Bay v. REM Petroleum Co. 121 SW3d 78, 87 (Tex. App.-Forth Worth 2003, pet. denied).*

Appellant would show that his claims of discrimination are not barred by the two year statute of limitations. Appellant would show that in 2010, Rabbis Lew and Krajansky appealed to Six Flags in Appellant's behalf for readmission. At that time, Appellant's request for readmission was denied. *(CRV2 314 & 328).* Appellant would argue that this is a separate and independent act of discrimination against him. The burden of the non-movant in a No-Evidence Motion for Summary Judgment is to raise a genuine issue of material fact, about the element challenged. *Dow Chemical Company v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).*

Appellant would show that he has presented more than a scintilla of evidence concerning the issue of whether or not the statute of limitations should apply to all of Appellant's claims. As such, the Trial Court's granting of Six Flags' Motion for No-Evidence Summary

Judgment should be reversed. Appellant has produced evidence which would enable reasonable and fair minded people to differ on their conclusions. *Ford Motor Company v. Midway, 135 S.W. 3d 598, 601 (Tex.2004).* Appellant would show that due to the fact that there are genuine issues of material fact he should be permitted to present his case to a jury.

WHEREFORE, PREMISES CONSIDERED, Appellant requests that the Court grant this motion and that the Judgment of the Trial Court be reversed.

Respectfully submitted,

LAW OFFICES OF GREGORY W. CANFIELD, P.C.

Gregory W. Canfield
State Bar No. 03741400
888 Isom Road, Suite 203
San Antonio, TX 78216
E-mail: gwcanfileldatty@aol.com
Tel. (210) 344-3366
Fax (210) 344-4346
Attorney for Appellant, **Jay Marc Harris**

SFFT CASE # _06 30 5508_

SAPD CASE # _____



**FiestaTexas**
A SIX FLAGS THEME PARK

## NOTIFICATION OF RESTRAINT / BARRMENT
## CRIMINAL TRESPASS WARNING

DATE: _6-19-06_      TIME: _17_ : _30_ AM/PM

NAME: _Jay Harris (Jay Mar Flvns)_ PHONE: _____

ADDRESS: _1497 Dlvd_      CITY / STATE: _New Haven Ct_ ^06711

DOB: _3 / 25 / 61_ AGE: _45_ RACE: _C_ SEX: _M_ HAIR: _Brn_ EYES: _Blc_

WGT: _150_      HGT: _5_ ft. _7_ in.      DL# / ID#: _____

VHE LIC PL: _____ MAKE: _____ TYPE: _____ COLOR: _____

This letter is to inform you that Six Flags Fiesta Texas, is hereby denying you access to our premises for any reason until _No Return - Lifetime_ . This action of prohibiting your presence anywhere on property owned or operated by Six Flags Fiesta Texas, has been brought about by your improper conduct on these premises.

If this restraint is ignored or violated by your presence on Six Flags Fiesta Texas, property between now and the expiration date noted below you will be subject to police arrest for criminal trespassing, for which you will be penalized and / or fined by the local authorities.

Should you have any questions regarding this notice of restraint, you may contact the Security / Loss Prevention Supervisor at (210) 697-5191 or 17000 IH-10 West, San Antonio, TX 78257.

It is imperative that you obey this notice. Thank you for your cooperation.

DATE ALLOWED TO RETURN: _no return - Lifetime_

CONDUCT WHICH RESULTED IN BAN: _Harassment of Guest_

_[signature]_           _R. Daune_
SIGNATURE OF SFFT OFFICER / LP AGENT        SIGNATURE OF WITNESS

I, _Jay Harris_ , have read and understand all of the above stated information.

_[signature]_           _Jul 19 2006_
SIGNATURE OF BANNED INDIVIDUAL        DATE

SFFT-FM 4005049      WHITE-FILE   CANARY - CERTIFIED MAIL   PINK - RECIPIENT      FT 00007

( **Exhibit "A"** ) Page 6 of 7

## CERTIFICATE OF SERVICE

I, hereby certify that on the _22nd_ day of _January_, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Defendants, **FIESTA TEXAS, INC., D/B/A SIX FLAGS-FIESTA TEXAS AND SIX FLAGS ENTERTAINMENT CORPORATION**, by and through their counsel of record to wit: Bradley E. Bartlett, Attorney, THORNTON, BIECHLIN, SEGRATO, REYNOLDS & GUERRA, L.C., **Via E-mail to:** *bbartlett@thorntonfirm.com*.

GREGORY W. CANFIELD